UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

MAURICE SEYMORE,

                Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

                Defendants.

------------------------------------- X

MEMORANDUM DECISION
AND ORDER
12 Civ. 6870 (GBD)(HBP)

GEORGE B. DANIELS, District Judge:

    *Pro se* Plaintiff Maurice Seymore ("Seymore"), a former pretrial detainee who was housed at the New York City Department of Corrections' ("DOC's") George R. Vierno Center ("GRVC"), commenced this action pursuant to 42 U.S.C. § 1983 alleging that his First Amendment right to the free exercise of his religion was violated when Ramadan services were either cancelled or curtailed in July or August 2012.

    All defendants, except Imam John Pridgen, who has not been served and who has not appeared in this action, move to dismiss the amended complaint on the ground that Plaintiff has not exhausted the remedies available to him under DOC's Inmate Grievance Resolution Program ("IGRP"). Magistrate Judge Pitman recommended in his Report and Recommendation ("Report") that the moving defendants' motion be *granted*. Magistrate Judge Pitman also recommended *sua sponte* that the action be dismissed as to Imam Pridgen.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *28 U.S.C. § 636(b)(1)(C).* When parties object to the Report, the Court must make a *de novo* determination of those portions of the Report to

1

which the objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See Fed. R. Civ. P. 72(b)*; *28 U.S.C. § 636(b)(1)(C)*. The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 2005) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)).

In his Report, Magistrate Judge Pitman advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. (ECF 31.) In an Order dated February 10, 2014, this Court granted Plaintiff a 30-day extension to file objections. (ECF No. 33.) Plaintiff filed objections in a letter dated March 13, 2014. Plaintiff objects to the Report to the extent that it recommends dismissing his complaint due to his failure to exhaust administrative remedies. In support of this objection, Plaintiff claims that he was unable to exhaust his administrative remedies because the facility officers were withholding his outgoing mail.

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-CV-6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). Nevertheless, even a *pro se* party's objections must be specific and clearly aimed at a particular finding in the Report. *See Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted). Plaintiff's

objections are not clearly aimed at a particular finding in the Report. Accordingly they provide no basis for this Court to overrule the Report. This Court adopts the Report in its entirety.

## BACKGROUND

Plaintiff, who is a member of the Muslim faith, was incarcerated in the GVRC from at least June through August 2012. He alleges that beginning in either June or July of 2012, Defendants cancelled or curtailed congregate religious services marking the Islamic religious holiday of Ramadan. Plaintiff claims that this conduct not only violated his right to free exercise of his religion as guaranteed by the First Amendment of the United States Constitution, but also was an act of discrimination against members of the Muslim faith in violation of the Fourteenth Amendment.

Plaintiff claims that he filed a grievance concerning defendants' alleged actions with the "Grievance Coordinator, " but that his grievance was never resolved. By filing only a grievance and requesting a hearing, Plaintiff only satisfied the first step of the grievance procedure.

Defendants move to dismiss the complaint because Plaintiff has failed to exhaust his administrative remedies. In his opposition, Plaintiff elaborates his efforts to exhaust his remedies under IGRP. Plaintiff also claims he sent grievances to defendant Pridgen and a letter to the Commissioner of the DOC. Plaintiff claims that he received no response to his grievance and request for a hearing.

## STANDARD OF REVIEW

In assessing a motion under Rule 12(b)(6), the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178 (2d Cir. 2013). To survive the motion, the complaint must plead enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

3

Exhaustion is an affirmative defense, and a plaintiff is not required to plead or demonstrate exhaustion in a complaint. *Jones v. Bock*, 549 U.S. 199, 212 (2007). Nonetheless, if it appears from the face of the complaint that a plaintiff has failed to exhaust his administrative remedies, or that non-exhaustion is otherwise apparent, a court may decide the issue of exhaustion on a Rule 12(b)(6) motion. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

The procedure for exhaustion is not defined by the PLRA, but rather by the rules of the facility or jurisdiction in which the inmate-plaintiff is incarcerated. *Espinal v. Goord*, 558 F.3d 119, 134 (2d Cir. 2009). Under certain circumstances, a court may excuse non-exhaustion. *Giano v. Goord*, 380 F.3d 670, 677 (2d Cir. 2004). A court should consider whether administrative remedies were available to the prisoner; whether the defendant has forfeited the affirmative defense of exhaustion; or whether the defendant's own actions inhibited the inmate's exhaustion of remedies. The court should also consider whether special circumstances justify the prisoner's failure to comply.

Magistrate Judge Pitman correctly took judicial notice of the grievance procedures associated with the IGRP. These procedures require an inmate to: "(1) file a complaint with the Inmate Greivance Review Committee and request a formal hearing, (2) appeal to the facility Warden or his designee, (3) appeal to the DOC Central Office Review Committee, and (4) appeal to the New York City Board of Correction." Magistrate Judge Pitman correctly found that Plaintiff did not exhaust his administrative remedies because Plaintiff only satisfied the first step of the grievance process. "The Second Circuit does not excuse a failure to exhaust when an inmate/plaintiff admittedly did not appeal to the highest level of administrative review and provides no justifiable explanation for his failure to do so." *Charles v. Gordon*, 12 Civ. 8332,

2012 WL 6667632 at *3 (S.D.N.Y. Dec. 17, 2013) (internal quotation marks and citations omitted). The fact that Plaintiff claims he received no response to his grievance and request for a hearing does not excuse him from his obligation to exhaust his administrative appeals. *Johnson v. Schiro*, 12 Civ. 7239, 2013 WL 5718474 at *4 (S.D.N.Y. Oct. 15, 2013).

Magistrate Judge Pitman also correctly recommended that Plaintiff's complaint be dismissed as to Defendant Pridgen.[1] "Because the facts and reasoning applicable to the moving defendants also appl[y] to [Pridgen, plaintiff's] complaint lack[s] an arguable basis in law or fact and [is] subject to [*sua*] *sponte* dismissal. *See* 28 U.S.C. § 1915(e)(2) (stating that the court 'shall dismiss' a case filed by plaintiff proceeding *in forma pauperis* 'at any time' if it determines that the action fails to state a claim upon which relief may be granted.).

## CONCLUSION

The Magistrate Judge's Report is adopted in its entirety. The case is dismissed.

Dated: New York, New York
March 26, 2014

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[1] Since Defendant Pridgen was never served in this case, the failure to timely serve him provides an independent basis to dismiss claims against him.

6